United States District Court
Southern District of Texas
FILED

MAR 04 2021

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
March 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSE CORTEZ LOPEZ, | § |
| Plaintiff, | § |
| VS. | § MISC. ACTION NO. 7:19-MC-1438 |
| UNITED STATES OF AMERICA, | § |
| Defendant. | § |

## REPORT AND RECOMMENDATION

Plaintiff Jose Cortez Lopez, a federal prisoner proceeding pro se, has filed a "Motion for Return of Property," presumably pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. (Docket No. 1.)[1] Plaintiff failed to pay the $400 filing fee required to proceed with this action at the time he filed his motion, and he thereafter failed to comply with orders directing him either to pay the filing fee or submit a properly-supported request to proceed in forma pauperis. For the reasons that follow, the undersigned recommends that this action be dismissed for failure to prosecute.

### I. BACKGROUND

On April 6, 2010, Plaintiff pleaded guilty to conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)." (*United States v. Cortez*, 7:09-cr-947-1, Cr. Docket No. 49, ¶¶ 2, 6.) The District Court later sentenced Plaintiff to 46 months imprisonment.[2] In August 2019, approximately

---

[1] Plaintiff's motion for return of property arises out of his criminal case, *United States v. Lopez*, 7:09-cr-947-1. Docket entry references in this report are to the instant miscellaneous action, unless otherwise noted.

[2] Plaintiff's 46-month sentence was ordered to be served concurrently to his other pending criminal case; specifically, *United States v. Cortez-Lopez*, 7:10-cr-515-1.

eight (8) years after Plaintiff was sentenced, he filed the instant "Motion for Return of Property." (Docket No. 1.) In his motion, Plaintiff requested the return of $380.00 that he alleges "he had in his possession" when he was arrested in Chesterfield County, North Carolina, for the underlying drug trafficking offense. (*Id.*)

However, because Plaintiff failed to pay the filing fee, he was directed that within thirty days he should either pay the $400 filing fee or submit an application to proceed in forma pauperis, along with the required supporting financial information. (Docket No. 2.) Plaintiff was also informed that he "must keep the Clerk advised in writing of his current address and promptly file a change of address when necessary." (*Id.* at 2.) Plaintiff was warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (*Id.* (emphasis in original).)

The Court received no response from Plaintiff. In fact, this order was returned as "undeliverable," suggesting that Plaintiff did not keep the Clerk informed of his current address subsequent to filing this action. (Docket Nos. 3, 4.) In addition, Plaintiff has taken no further action in this case, nor has he had any contact with the Court since the Court's order was returned as undeliverable.

## II. ANALYSIS

Plaintiff's action is subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance

with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff has failed to comply with the relevant rules and to prosecute this action in two ways. First, as a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4.

Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4. As described above, the last court document sent to Plaintiff was returned as undeliverable. (Docket Nos. 3, 4.)

Second, Plaintiff has never paid the required filing fee, and he failed to respond to the Court's order regarding his obligations to proceed in forma pauperis. In addition, he has not taken any other action to move his case forward.

In sum, because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4 and failed to either pay the filing fee or to file a properly supported in forma pauperis application, this case should be dismissed for failure to prosecute. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *see also Estrada v. United States*, 7:16-MC-244, 2017 WL

4457588 (S.D. Tex. Sept. 13, 2017) (recommending dismissal of a motion for return of property based on a failure to prosecute); *Cadena v. United States*, 3:17-CV-1815, 2017 WL 4570721 (N.D. Tex. Sept. 11, 2017) (recommending dismissal of a motion for return of property based on a failure to prosecute); *Day v. Cockrell*, No. 3:01-cv-1325-P, 2002 WL 31757777, at *1 (N.D. Tex. Nov. 21, 2002) (dismissing § 2254 habeas petition where petitioner failed to notify court of his change of address and orders were returned to the court as undeliverable). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus cannot communicate with Plaintiff.[3] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's "Motion for Return of Property" be DENIED and that this action be DISMISSED for failure to prosecute.

### NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking

---

[3] A copy of this Report will be sent to Plaintiff at the last address he provided. Should Plaintiff respond to the Report by complying with the prior order (Docket No. 2), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on **March 3** 2021.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE